**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANINE EUBANKS, *Plaintiff*, v. RIDGELINE MOTORS LLC & NICK TURSI *Defendants*. | Civil Action No. 21-20129 (JMV) (CLW) **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Janine Eubanks seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-2. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** the Complaint ("Compl."), D.E. 1.

I. **Legal Standard**

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes the inability to pay, and the Court grants the application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section

1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted). While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, in evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The

Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.  But even if plausibly pled, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

To the extent that Plaintiff's Complaint brings a claim for fraud, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  This is a higher standard than that imposed by Rule 12(b)(6).  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 216 (3d Cir. 2002).  A party alleging fraud must therefore support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016).  Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).  This heightened standard is designed to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (internal quotation marks omitted).

Moreover, because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald

3

assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### II.     Analysis

#### A. Subject-Matter Jurisdiction

If a court lacks subject-matter jurisdiction, the court does not have the authority to hear the matter. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Plaintiff asserts federal question jurisdiction pursuant to the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq*. Compl. at 2. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff also brings claims for breach of implied warranty, breach of express warranty, lost wages, conversion, and violation the New Jersey Consumer Fraud Act (CFA), N.J. Stat. Ann. §§ 56:8-1 to -20. Compl. at 7. It appears that Plaintiff is invoking the Court's supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).[1] Supplemental jurisdiction, however, can only be invoked if the Court otherwise has subject-matter jurisdiction.

The MMWA provides that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection[] … if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" 15 U.S.C. § 2310(d)(3)(B). If Plaintiff's MMWA claim does not meet this monetary threshold, the Court would not have subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. "To

---

[1] Plaintiff does not assert that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

4

determine whether the jurisdictional amount is met, the party asserting federal jurisdiction must allege the value of the goods as warranted and the value of the defective goods." *Hatchigian v. Carrier Corp.*, No. 20-CV-4110, 2021 WL 765769, at *5 (E.D. Pa. Feb. 26, 2021). Plaintiff apparently seeks the value of her car, $2,500, as a remedy for her warranty claims. Compl. at 4. Plaintiff also seeks $59,000 in lost wages, and an unspecified amount of punitive damages, presumably for her CFA claim. *Id.* Because Section 2310(d)(3)(B) allows the aggregation of the value of claims, the Court must consider the viability of all Plaintiff's claims before this Court can exercise jurisdiction.

"[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). It is immaterial whether "the plaintiff cannot ultimately prove all of the counts of the complaint or does not actually recover" the pled damages. *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997). The question, thus, becomes "what damages [Eubanks] could conceivably recover under New Jersey state law, and [the Court] must therefore consider the applicable New Jersey statutes [and common law rights of action] and [Eubanks's] allegations under them." *Id.* at 584.

**B. Plaintiff's Claims**

**1. The MMWA**

The MMWA creates a private, federal right of action for "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract[.]" 15 U.S.C. § 2310(d)(1). "A claim under the MMWA relies on the underlying state law claim." *Johansson v.*

*Cent. Garden & Pet Co.*, 804 F. Supp.2d 257, 265 (D.N.J. 2011). In other words, "MMWA claims are coextensive with underlying state law breach of warranty claims and are therefore, dependent on, and derivative of, said state claims for survival in a motion to dismiss." *Guardavacarro v. Home Depot*, No. 16-8796, 2017 WL 3393812, at *9 (D.N.J. Aug. 8, 2017) (citing *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010)). "Thus, if there exists no actionable warranty claim, there can be no violation of the MMWA." *Argabright v. Rheem Mfg. Co.*, 201 F. Supp.3d 578, 600 (D.N.J. 2016); *see also Tobin v. Samsung Elecs. Am., Inc.*, No. 18-12473, 2019 WL 1399557, at *7 (D.N.J. Mar. 27, 2019) (explaining that the plaintiff's MMWA claims "stand or fall with the claimant's express and implied warranty claims under state law") (internal quotation omitted). Therefore, whether Plaintiff can maintain a cause of action under the MMWA depends on whether Plaintiff has properly alleged her state-law implied and express warranty claims.

**2. Breach of Implied Warranty**

New Jersey law provides for implied warranties of merchantability and fitness for a particular purpose. *See* N.J. Stat. Ann. §§ 12A:2-314 (merchantability), 315 (fitness for a particular purpose). It appears that Plaintiff brings a claim for breach of the implied warranty of merchantability. Under New Jersey law, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.J. Stat. Ann. § 12A:2-314(1). In *Henningsen v. Bloomfield Motors*, the New Jersey Supreme Court indicated that the implied warranty of merchantability "simply means that the thing sold is reasonably fit for the general purpose for which it is manufactured and sold." 161 A.2d 69, 76 (N.J. 1960). The warranty does not "impose a general requirement that goods precisely fulfill the expectation of the buyer," but instead "it provides for a minimum level of quality." *Hughes v.*

*Panasonic,* No. 10-846, 2011 WL 2976839, at *22 (D.N.J. July 21, 2011) (internal quotation marks omitted).  "As applied to cars, 'the implied warranty of merchantability is simply a guarantee that they will operate in a safe condition and substantially free of defects [and, therefore,] where a car can provide safe, reliable transportation[,] it is generally considered merchantable.'"  *Nelson v. Nissan N. Am., Inc.*, 894 F. Supp.2d 558, 567 (D.N.J. 2012) (alterations in original) (quoting *Henderson v. Volvo Cars of N. Am., LLC*, No. 09-4146 (DMC)(JAD), 2010 WL 2925913, at *9 (D.N.J. July 21, 2010)).

The Court finds that Plaintiff has adequately pled a claim for breach of the implied warranty of merchantability.  The Complaint sufficiently indicates that Defendant Ridgeline is a merchant within the meaning of the statute because Ridgeline appears to deal regularly in the kind of goods at issue in this case.  *See* N.J. Stat. Ann. § 12A:2-104(1).  Thus, Ridgeline's dealings with Plaintiff carried an implied warranty of merchantability.  N.J. Stat. Ann. § 12A:2-314(1).

As to whether Plaintiff has adequately pled that the warranty was breached, Plaintiff indicates that she paid about $2,500 for the car, Compl. at 4, but does not disclose its make, model, age, mileage, or general condition.  However, Plaintiff's alleges that Defendant Nick Tursi "guaranteed [that] the car would pass state inspection." *Id.* at 6.  A reasonable inference from this guarantee is that the car could provide safe, reliable transportation.  Plaintiff further represents that Tursi assured her that the check engine light was a false alarm.  *Id*.  It appears that the car did operate in a substantially satisfactory manner for about a month, at which time "an independent dealer" informed Plaintiff "that there were major preexisting issues with the engine[.]"  *Id*.  By October of 2020, or seven months after purchase, the car became totally inoperable.  *Id.* at 6-7.

Construing the Complaint liberally, the Court finds that Plaintiff has sufficiently pled a cause of action for breach of the implied warranty of merchantability.  Because the Court finds

7

that Plaintiff has adequately pled that cause of action, the Court also permits Plaintiff's MMWA claim to proceed based on the breach of the implied warranty of merchantability cause of action.

### 3. Breach of Express Warranty

To state a claim for breach of an express warranty under New Jersey law, a plaintiff must allege "(1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 568 (D.N.J. 2013) (citing N.J. Stat. Ann. § 12A:2-313).

The Court finds that Plaintiff has not sufficiently pled a claim for breach of express warranty because it is not clear precisely what Plaintiff claims the warranty was. It is not clear to the Court whether Plaintiff is referring to the guarantee that the vehicle would pass inspection, the statement as to the check engine light, or some other purported express warranty. The Court dismisses this claim without prejudice.

### 4. Lost Wages

Plaintiff asks the Court for $59,000 in lost wages. Compl. at 4. Lost wages, however, represent a potential remedy rather than a separate cause of action. To the extent Plaintiff asserts lost wages as a claim, it is dismissed. The Court will analyze lost wages as a potential remedy under the CFA.

### 5. Conversion

Under New Jersey law, "[c]onversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Meisels v. Fox Rothschild*, 222

A.3d 649, 660 (N.J. 2020) (quoting *Chi. Title. Ins. Co. v. Ellis*, 978 A.2d 281, 287 (N.J. Super. Ct. App. Div. 2009)).  Thus, the threshold inquiry is whether a defendant a defendant has dominion and control over the subject property.  *Meisels*, 222 A.3d at 661.

Plaintiff does not appear to allege that the Defendants are currently exercising independent dominion and control over her automobile.[2]  Plaintiff does appear to allege that Defendant held her car for several weeks in the summer and fall of 2020, *see* Compl. at 6-7, but does not argue that either instance of possession on Defendant's part was improper or was such a serious interference with her rights that it ripened into the tort of conversion.  Thus, the Complaint fails to sufficiently allege conversion.  Accordingly, the Court dismisses this count without prejudice.

**6. The Consumer Fraud Act**

The New Jersey Consumer Fraud Act provides as follows:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction.

N.J. Stat. Ann. § 56:8-19.  Thus, "[a] private party seeking to recover under the NJCFA must demonstrate three things: (1) a defendant's unlawful practice, (2) an ascertainable loss, and (3) a causal connection between the two."  *Skeen v. BMW of N. Am., LLC*, No. 2:13-cv-1531-WHW-CLW, 2014 WL 283628, at *9 (D.N.J. Jan. 24, 2014); *see also D'Agostino v. Maldonado*, 78 A.3d 527, 536 (N.J. 2013).

---

[2] Plaintiff alleges that her car was towed to Ridgeline's facility after the car broke down in October of 2020 but does not claim that Defendant Ridgeline kept the car.  *See* Compl. at 6-7.

The Act "sets forth three general categories of unlawful acts: (1) affirmative acts; (2) knowing omissions; and (3) regulatory violations." *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 790 (N.J. 2005). In the New Jersey Legislature's words,

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice[.]

N.J. Stat. Ann. § 56:8-2. *See also Thiedemann*, 872 A.2d at 791 ("'Affirmative acts' were defined as unlawful practices that include unconscionable commercial practices, fraud, deception, false promise, false pretense, and misrepresentation.").

"Consumer fraud claims are subject to the heightened pleading standards of Fed. R. Civ. P. 9(b)." *Skeen*, 2014 WL 283628, at *8. Thus, to survive screening, Plaintiff must plead facts with particularity required by Rule 9(b). The Court finds that Plaintiff has not adequately stated a claim under the CFA because it is not clear which act or omission is meant to serve as the basis for this claim. As a result, the Court cannot ascertain whether those acts or omissions are "unlawful practices" within the meaning of the CFA, or whether the Plaintiff described the unlawful practices with the particularity required by Rule 9(b). Finally, the Court notes that "[a] showing of intent is not essential if the claimed CFA violation is an affirmative act or a regulatory violation, but such a showing is necessary if the claimed violation is an omission pursuant to [N.J. Stat. Ann. §] 56:8-

2." *Dugan v. TGI Fridays, Inc.*, 171 A.3d 620, 636 (N.J. 2017).  Plaintiff's Complaint does not appear to make such allegations.[3]

Finally, at least one appellate New Jersey court has found that lost wages can be an "ascertainable loss" within the meaning of the CFA and thus recoverable by a successful CFA plaintiff.  *See Romero v. Gold Star Distrib., LLC*, 257 A.3d 1192, 1209-10 (N.J. Super. Ct. App. Div. 2021).  The Court finds the *Romero* court's reasoning persuasive and cannot say, as a matter of law, that Plaintiff cannot recover lost wages pursuant to the CFA.  However, as New Jersey courts have explained, "[t]o establish an ascertainable loss, plaintiff must 'demonstrate a loss attributable to conduct made unlawful by the CFA.'" *Id.* at 1209 (quoting *Thiedemann*, 872 A.2d at 791).  Further, "[a]n ascertainable loss under the CFA is one that is 'quantifiable or measurable,' not 'hypothetical or illusory.'"  *D'Agostino*, 78 A.3d at 537 (quoting *Thiedemann*, 872 A.2d at 793).  "An 'estimate of damages, calculated within a reasonable degree of certainty' will suffice to demonstrate an ascertainable loss." *Thiedemann*, 872 A.2d at 793 (quoting *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 464 (N.J. 1994)).

Plaintiff's lost wages claim, however, is pled in conclusory fashion.  Plaintiff merely indicates that she is unable to work without the car and that her work is "to personal shop for clients." Compl. at 4.  Plaintiff gives no specific allegations as to how the amount was calculated.  Plaintiff must also plead facts plausibly establishing that this loss is "attributable to conduct made unlawful by the CFA." *Thiedemann*, 872 A.2d at 791.

---

[3] Although "the circumstances constituting" the unlawful acts must be pled "with particularity[,]" "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

11

Without the lost wages claim,[4] Plaintiff fails to meet the monetary threshold required by MMWA. Because no other count supports federal question jurisdiction, this Court is without subject-matter jurisdiction. Without subject-matter jurisdiction, the Court will not exercise supplemental jurisdiction over Plaintiff's remaining counts.

### III. Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 29th day of November, 2021

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, D.E. 1-2, is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED without prejudice** for lack of subject-matter jurisdiction; and it is further

**ORDERED** that Plaintiff may file an amended complaint that cures the deficiencies noted herein within thirty (30) days of receipt of this Opinion and Order. If Plaintiff fails to file an amended complaint within thirty (30) days of receipt, this matter will be closed; and it is further

**ORDERED** that if Plaintiff intends to refile this action in state court (which are courts of general subject-matter jurisdiction and not subject to the same restrictions as federal courts), she shall notify the Court in writing on the docket; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by regular mail and by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.

---

[4] Plaintiff also seeks punitive damages but fails to indicate a monetary amount. The CFA permits treble damages. N.J. Stat. Ann. § 56:8-19. Thus, even if Plaintiff properly pled her CFA claim and sought treble damages, the amount in controversy would still be well below $50,000. Plaintiff does not state an alternative basis for an award of punitive damages.