Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JANINE EUBANKS,

        *Plaintiff*,

   v.

RIDGELINE MOTORS LLC & NICK TURSI

        *Defendants*.

Civil Action No. 21-20129 (JMV)
(CLW)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

      This matter returns to the Court via Plaintiff's First Amended Complaint ("FAC"), D.E. 4. The Court previously dismissed Plaintiff's Complaint.  D.E. 3 ("Prior Opinion" or "Prior Op."). For the reasons discussed below, the Court finds that Plaintiff has cured the defects identified in her claims under the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq.*, breach of express warranty, conversion, and New Jersey Consumer Fraud Act (CFA), N.J. Stat. Ann. §§ 56:8-1 to -20.  Accordingly, Plaintiff's case may proceed.

### I.     Legal Standard

      This Court has previously determined that Plaintiff may proceed *in forma pauperis*.  Prior Op. at 1.  When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the FAC and dismiss the action if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).  When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard

of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted). While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, in evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. But even if plausibly pled, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

To the extent that Plaintiff's FAC brings a claim for fraud, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  This is a higher standard than that imposed by Rule 12(b)(6).  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 216 (3d Cir. 2002).  A party alleging fraud must therefore support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016).  Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).  This heightened standard is designed to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (internal quotation marks omitted).

Moreover, because Plaintiff is proceeding *pro se*, the Court construes the FAC liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

**II.     Analysis**

Plaintiff asserts federal question jurisdiction pursuant to the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq*.  *See* FAC ¶ 4.  Federal question jurisdiction is governed by

28 U.S.C. § 1331.  Plaintiff also brings claims for breach of implied warranty, breach of express warranty, conversion, and violation the New Jersey Consumer Fraud Act (CFA), N.J. Stat. Ann. §§ 56:8-1 to -20.  FAC ¶ 1.  Plaintiff invokes the Court's supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).  FAC ¶ 4.

The MMWA provides that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection[] … if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" 15 U.S.C. § 2310(d)(3)(B).  If Plaintiff's MMWA claim does not meet this monetary threshold, the Court would not have subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff apparently seeks the value of her car, $2,500, as a remedy for her warranty claims, in addition to damages for "personal items in the vehicle, and economic losses[.]"  FAC ¶¶ 66, 71, 75.  Plaintiff seeks those same damages as a remedy for her claim of conversion, *id.* ¶ 80; *see also id.* at 10 (requesting "[r]eturn of Plaintiff's possessions unlawfully kept").  Plaintiff also seeks at least $52,000 in lost wages, presumably as part of her "economic losses," for her CFA claim.  *See id.* ¶¶ 84-86.  Because Section 2310(d)(3)(B) allows the aggregation of the value of claims, the Court must consider the viability of all Plaintiff's claims before this Court can exercise jurisdiction.

In the Prior Opinion, the Court found that while, as a matter of law, lost wages are recoverable under the CFA as an ascertainable loss, Plaintiff had not adequately pled her CFA claim.  Prior Op. at 10-11.  Without lost wages, Plaintiff's aggregated claims did not meet the MMWA jurisdictional threshold.  *Id.* at 12.  With Plaintiff's MMWA claim dismissed, the Court found that it did not have subject-matter jurisdiction and declined to exercise supplemental jurisdiction over Plaintiff's remaining counts.  *Id.*  The Court now considers Plaintiff's claims as pled in her FAC.

4

### A.  The MMWA

The MMWA creates a private, federal right of action for "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract[.]"  15 U.S.C. § 2310(d)(1).  "A claim under the MMWA relies on the underlying state law claim." *Johansson v. Cent. Garden & Pet Co.*, 804 F. Supp. 2d 257, 265 (D.N.J. 2011).  In other words, "MMWA claims are coextensive with underlying state law breach of warranty claims and are therefore, dependent on, and derivative of, said state claims for survival in a motion to dismiss." *Guardavacarro v. Home Depot*, No. 16-8796, 2017 WL 3393812, at *9 (D.N.J. Aug. 8, 2017) (citing *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010)).  Therefore, whether Plaintiff can maintain a cause of action under the MMWA depends on whether Plaintiff has properly alleged her state-law implied and express warranty claims.

### B.  Breach of Implied Warranty

New Jersey law provides for implied warranties of merchantability and fitness for a particular purpose.  *See* N.J. Stat. Ann. §§ 12A:2-314 (merchantability), 315 (fitness for a particular purpose).  It appears that Plaintiff brings a claim for breach of the implied warranty of merchantability.  In its Prior Opinion, the Court determined that Plaintiff had adequately pled a state-law cause of action for breach of the implied warranty of merchantability.  Prior Op. at 7-8. The Court finds that Plaintiff has still adequately pled a claim for breach of the implied warranty of merchantability in the FAC.  Because the Court finds that Plaintiff has adequately pled that cause of action, the Court also permits Plaintiff's MMWA claim to proceed based on the breach of the implied warranty of merchantability cause of action.

### C. Breach of Express Warranty

To state a claim for breach of an express warranty under New Jersey law, a plaintiff must allege "(1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pacific LLC*, 945 F. Supp. 2d 543, 568 (D.N.J. 2013) (citing N.J. Stat. Ann. § 12A:2-313).

In Prior Opinion, this Court found that Plaintiff had failed to identify the operative warranty. Prior Op. at 8. The FAC alleges that "Defendants, at the time of purchase, assured Ms. Eubanks that the check engine light was of no concern." FAC ¶ 73. The Court finds that this statement sufficiently pleads an express warranty, as the statement was an affirmation or promise that the vehicle, despite a plainly visible warning, was in working condition. Such a statement suffices as an express warranty, particularly in light of Defendants' guarantee that the vehicle would pass inspection. *E.g.*, *id.* ¶ 13. The Court further finds that the FAC sufficiently indicates that Defendants' assurances that the car would work, despite the illumination of the check-engine light, became part of the basis of the bargain. Finally, the FAC alleges that the vehicle was inoperable only two months later, and eventually stopped working altogether. Reading the FAC generously, the Court finds that Plaintiff has adequately alleged breach of express warranty. Because the Court finds that Plaintiff has adequately pled that cause of action, the Court also permits Plaintiff's MMWA claim to proceed based on the breach of express warranty.

### D. Conversion

Under New Jersey law, "[c]onversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may

justly be required to pay the other the full value of the chattel." *Meisels v. Fox Rothschild*, 222

A.3d 649, 660 (N.J. 2020) (quoting *Chi. Title. Ins. Co. v. Ellis*, 978 A.2d 281, 287 (N.J. Super. Ct.

App. Div. 2009)).  Thus, the threshold inquiry is whether a defendant a defendant has dominion

and control over the subject property.  *Meisels*, 222 A.3d at 661.  "Additionally, where the

defendant lawfully acquired plaintiff's property, the plaintiff must show that he demanded the

return of the property and that the defendant refused compliance." *Id.*  New Jersey courts consider

the demand to be "the linchpin" of a claim of conversion.  *Id.*

In the Prior Opinion, the Court explained that it was unclear whether the Complaint alleged

that Defendants failed to return Plaintiff vehicle after taking possession of it in October 2020.  Prior

Op. at 9 & n.2.  In the FAC, Plaintiff alleges that "Defendants have refused to return Ms. Eubanks'

vehicle, and [have] been in possession of the vehicle since October 2, 2020."  FAC ¶ 79.  Although

conversion "does not require that the defendant knowingly or intentionally acted wrongfully[,]"

*Major Tours, Inc. v. Colorel*, 799 F. Supp. 2d 376, 400 (D.N.J. 2011) (citing *LaPlace v. Briere*,

962 A.2d 1139, 1145 (N.J. Super. Ct. App. Div. 2009)), and Plaintiff alleges that the car was

originally taken, apparently, with her consent, to Defendants' place of business to perform repairs,

*see* FAC ¶ 77, Plaintiff alleges that "Defendants have not returned any of Ms. Eubanks' calls, since

October 2, 2020, as it relates to repairs or returning her car, nor personal property in the car." *Id.*

¶ 78.

The Court finds that Plaintiff has adequately pled a claim for conversion.  It now appears

that Defendants are exercising exclusive dominion and control over the vehicle and have refused

demands to return Plaintiff's property.

### E.  The Consumer Fraud Act

The New Jersey Consumer Fraud Act provides as follows:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction.

N.J. Stat. Ann. § 56:8-19. Thus, "[a] private party seeking to recover under the NJCFA must demonstrate three things: (1) a defendant's unlawful practice, (2) an ascertainable loss, and (3) a causal connection between the two." *Skeen v. BMW of N. Am., LLC*, No. 2:13-cv-1531-WHW-CLW, 2014 WL 283628, at *9 (D.N.J. Jan. 24, 2014); *see also D'Agostino v. Maldonado*, 78 A.3d 527, 536 (N.J. 2013). The Act "sets forth three general categories of unlawful acts: (1) affirmative acts; (2) knowing omissions; and (3) regulatory violations." *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 790 (N.J. 2005).

"Consumer fraud claims are subject to the heightened pleading standards of Fed. R. Civ. P. 9(b)." *Skeen*, 2014 WL 283628, at *8. "A showing of intent is not essential if the claimed CFA violation is an affirmative act or a regulatory violation, but such a showing is necessary if the claimed violation is an omission pursuant to [N.J. Stat. Ann. §] 56:8-2." *Dugan v. TGI Fridays, Inc.*, 171 A.3d 620, 636 (N.J. 2017).

Finally, at least one appellate New Jersey court has found that lost wages can be an "ascertainable loss" within the meaning of the CFA and thus recoverable by a successful CFA plaintiff. *See Romero v. Gold Star Distrib., LLC*, 257 A.3d 1192, 1209-10 (N.J. Super. Ct. App. Div. 2021). The Court finds the *Romero* court's reasoning persuasive and agrees that lost wages are potentially recoverable for a violation of the CFA. However, as New Jersey courts have explained, "[t]o establish an ascertainable loss, plaintiff must 'demonstrate a loss attributable to conduct made unlawful by the CFA.'" *Id.* at 1209 (quoting *Thiedemann*, 872 A.2d at 791).

8

In its Prior Opinion, the Court determined that Plaintiff had failed to adequately plead a cause of action under the CFA.  Prior Op. at 10-11.  The Court found that Plaintiff had not identified "which act or omission is meant to serve as the basis for this claim."  *Id.* at 10.  The Court further noted that Plaintiff's claim for lost wages was asserted "in conclusory fashion."  *Id.* at 11.

In the FAC, Plaintiff now alleges that "Defendants[] intentionally or knowingly sold a vehicle that was not safe to use, nor free of defects."  FAC ¶ 82.  In light of the independent evaluation performed by Jefferson Auto Repair, which uncovered "major preexisting issues with the engine[,]" the Court can reasonably infer Defendants' knowledge.  *Id.* ¶ 28.  Plaintiff also sufficiently indicates that Defendants hid this fact from Plaintiff.  *See id.* ¶¶ 64-65.

The Court finds that such lies of omission and commission would be unlawful acts within the meaning of the CFA.[1]  Further, the Court finds that Plaintiff has pled sufficient facts to satisfy the heightened pleading standard of Rule 9(b), as Plaintiff identifies the approximate date of the transaction, the allegedly misleading statements, and Defendants' state of mind.  FAC ¶¶ 6, 12-13, 65.  "Together, the factual allegations contained in the [First Amended] Complaint support a reasonable inference that [Defendants] knew about the [engine] [d]efect."  *Amato v. Subaru of Am., Inc.*, No. 18-16118, 2019 WL 6607148, at *16 (D.N.J. Dec. 5, 2019) (citing *Craftmatic Sec. Litig.*, 890 F.2d at 645)).  Thus, at least for the sake of this screening, the Court finds that Plaintiff has alleged an unlawful act within the meaning of the CFA.

---

[1] *See Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 445 (D.N.J. 2012) ("It is true that CFA defines unlawful conduct to include both 'deception' and 'misrepresentation.'  N.J. Stat. Ann. § 56:8-2. . . .  Each is independently actionable under the CFA, and if at least one of them is adequately alleged, [this count] survives.").

Next, the Court finds that Plaintiff's lost wages are an ascertainable loss within the meaning

of the CFA.  In *Romero*, the plaintiff, "a professional mixed martial arts … athlete[,]" was barred

from participating in a martial arts competition after he ingested a dietary supplement, SHED RX,

that the manufacturer, the defendant, represented "was free of any substances banned by the World

Anti-Doping Agency[.]"  257 A.3d at 1197.  Plaintiff brought several claims, including one under

the CFA, *id.* at 1198, and, as part of an award following an entry of default judgment against the

defendant, the trial court awarded the plaintiff lost wages, *id.* at 1199.  On appeal, the Appellate

Division ruled that "plaintiff presented uncontroverted evidence that he lost wages and income by

being banned from sports and other means of earned income because he used SHED RX, which

contained an illicit substance.  That is sufficient to establish an ascertainable loss within the

meaning of the CFA." *Id.* at 1209-10.

Here, Plaintiff alleges that when her car was operable, she "used the vehicle to deliver food,

and personal shop, using apps such as UberEATS, and Postmates.  Both require Ms. Eubanks to

need a working vehicle."  FAC ¶ 83.  She continues that she "was making an average of $170 per

day, using the vehicle for the deliveries and personal shopping."  *Id.* ¶ 53.  She adds that she has

been without the use of the vehicle for over 52 weeks.  *Id.* ¶¶ 85-86.  Taking Plaintiffs well-pled

allegations as true, the Court finds that Plaintiff has identified ascertainable losses as the amounts

sought are "'quantifiable or measurable,' not 'hypothetical or illusory,'" *D'Agostino*, 78 A.3d at

537 (quoting *Thiedemann*, 872 A.2d at 793), and "calculated within a reasonable degree of

certainty[,]" *Thiedemann*, 872 A.2d at 793 (quoting *Cox v. Sears Roebuck & Co.*, 647 A.2d 454,

464 (N.J. 1994)); *see also Romero*, 257 A.3d at 1209-10.  Plaintiff plausibly indicates that she

would be entitled to at least $52,000 in lost wages, putting her over the MMWA's jurisdictional

threshold.  The Court similarly finds that Plaintiff has adequately pled causation and a claim under

the CFA, as her inability to work appears to have been caused by Defendant's lies of commission or omission.

### III.   Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 8th day of December, 2021

**ORDERED** that the claims in the First Amended Compliant may **PROCEED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the First Amended Complaint, D.E. 4; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve the summons, the Complaint, and this Opinion & Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[2]; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

---

[2] Alternatively, the U.S. Marshal may notify Defendants that an action has been commenced and request that Defendants waive personal service of a summons in accordance with Rule 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt.[3]

_____

John Michael Vazquez, U.S.D.J.

---

[3] Nothing in this Opinion and Order precludes Defendants from litigating this matter as they see fit, including filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court is merely performing its required screening function which necessarily means that it has not had the benefit of Defendants' arguments or positions.