UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JANINE EUBANKS,

*Plaintiff*,

v.

RIDGELINE MOTORS LLC & NICK TURSI,

*Defendants*.

Civil Action No. 21-20129

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter returns to the Court on *pro se* Plaintiff's unopposed motion for reconsideration of this Court's April 18, 2023 Order, D.E. 18, that granted entry of default judgment in favor of Plaintiff against Defendants in the amount of $2,700. D.E. 19. The Court reviewed the submissions[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the following reasons, Plaintiff's motion for reconsideration is **GRANTED**.

**I.     BACKGROUND**

The Court incorporates by reference its prior discussion of this matter's factual predicate and procedural history. *See* D.E. 15. On May 6, 2022, Plaintiff moved for default judgment and sought damages in the amount of $271,744, including (1) $2,500 for the purchase price of the vehicle as a remedy for her warranty claims and conversion claim; and (2) $65,436 in lost wages, plus treble damages in the amount of $203,808—three times the amount of the lost wages ($65,436) plus the purchase price of the vehicle ($2,500)—as a remedy for her New Jersey Consumer Fraud Act ("CFA") claim. D.E. 13-1 at 12-13, 19-22.

---

[1] Plaintiff's brief will be referred to as "Plf. Br." D.E. 19-1.

On August 22, 2022, the Court held that default judgment was appropriate, but found that Plaintiff failed to sufficiently prove damages. D.E. 15. As to Plaintiff's claims for damages under the CFA, the Court noted that to recover under the CFA, the damages must be ascertainable, and the plaintiff must "provide proof of a clear causal relationship between the defendant's conduct and the ascertainable loss." *Id.* at 9-10. The Court continued that Plaintiff's proof of lost wages—one week's worth of earnings from gig-work—was insufficient to prove average wages over a full calendar year, and that Plaintiff also failed to establish that the claimed lost wages had a sufficient causal relationship to warrant damages under the CFA. *Id.* at 10-12. As to Plaintiff's claim for the purchase price of the vehicle, the Court found the proof insufficient while noting that, should Plaintiff submit adequate documentation to prove the purchase price of the vehicle, Plaintiff could recover the purchase price of the vehicle under one of her theory of liabilities (i.e., the breach of warranties claims, conversion, or as an ascertainable loss under the CFA claim). *Id.* at 12-14. Accordingly, the Court ordered Plaintiff to submit sufficient proof of the purchase price of the vehicle, and a letter specifying under which theory of liability Plaintiff sought to recover. *Id.* at 16; *see also* D.E. 16.

On September 4, 2022, Plaintiff submitted a letter specifying that Plaintiff sought to recover under the CFA claim. D.E. 17. Plaintiff also submitted a written statement explaining that Plaintiff made a cash purchase for the vehicle on March 2, 2020, and a copy of Plaintiff's bank account statement, which reflected that Plaintiff withdrew $2,700 in cash on March 2, 2020. D.E. 17-1, D.E. 17-2. The Court found this documentation sufficient to prove the purchase price of the vehicle and entered default judgment against Defendants in the amount of $2,700. D.E. 18. On May 1, 2023, Plaintiff filed the instant motion.

## II.     STANDARD OF REVIEW

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Plaintiff has complied with this time requirement. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017), *as amended* (Jan. 25, 2017). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Davion v. Comm'r of Soc. Sec.*, No. 19-1116, 2021 WL 941877, at *2 (D.N.J. Mar. 11, 2021) (quoting *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014)).

## III.    ANALYSIS

Plaintiff submits that the third scenario for reconsideration is present, arguing that the Court erred in (1) finding that the ascertainable loss (i.e., the purchase price of the vehicle) was $2,700, rather than $2,900; and (2) denying an award of treble damages. Plf. Br.

As to the ascertainable loss argument, the Court's Order granting entry of default acknowledged the discrepancies in Plaintiff's assertions as to the purchase price of the vehicle. D.E. 18 n.1. The Court noted that while Plaintiff's brief in support of its motion for default judgment, D.E. 13-1, and Plaintiff's letter, D.E. 17, sought to recover $2,500 as the purchase price of the vehicle, Plaintiff's written statement stated that despite Plaintiff's prior representations, Plaintiff in fact paid $2,900 ($2,700 paid at the time of the purchase, and $200 which Plaintiff "was told to come back later with."). D.E. 17-1. In support, Plaintiff's statement directed the Court

3

to the "transactions [] located on page 2 of the attached bank statement, with a transaction date of 3/2/2020." D.E. 17-1. But Plaintiff's account statement only reflected a cash withdrawal of $2,700 on March 2, 2020. D.E. 17-2. Accordingly, the Court limited its entry to $2,700, as Plaintiff failed to "establish whether and when the remaining $200 was paid to Defendants." D.E. 18 n.1. Plaintiff now asserts that the additional $200 that Plaintiff "was told to come back with" was withdrawn on March 9, 2020 and directs the Court to the portion of the bank statement that reflects a withdrawal in this amount on that date. Plf. Br. at 2-3 (citing D.E. 17-2). In light of Plaintiff's clarification, the Court finds the documentation sufficient to prove that the purchase price of the vehicle was $2,900 and will grant Plaintiff's motion on this ground.

Plaintiff also submits that the Court erred in denying an award of treble damages. As noted above, Plaintiff's motion for default judgment sought treble damages in the amount of $203,808—three times the amount of Plaintiff's claimed lost wages ($65,436) plus the purchase price of the vehicle ($2,500)—as a remedy for her New Jersey Consumer Fraud Act ("CFA") claim. D.E. 13-1 at 21-22. The Court denied this request for failure to show entitlement to damages for lost wages under the CFA. D.E. 15 at 9-12. The Court also advised Plaintiff that the CFA does not allow for duplicative damages for economic loss and held that should Plaintiff submit adequate documentation to prove the purchase price of the vehicle, Plaintiff could recover the purchase price of the vehicle under one of her theory of liabilities (i.e., the breach of warranties claims, conversion, or as an ascertainable loss under the CFA claim). *Id.* at 12-14. Because Plaintiff moved to recover the purchase price of the vehicle as an ascertainable loss under the CFA and submitted adequate documentation to prove the purchase price of the vehicle ($2,900), the Court will grant Plaintiff's motion on this ground and award treble damages in the amount of $8,700. *See Finkelman v. Nat'l Football League*, 810 F.3d 187, 198 n.71 (3d Cir. 2016) (citing N.J. Stat.

Ann. § 56:8–19) ("The Consumer Fraud Act *mandates* that successful plaintiffs receive treble damages[.]") (emphasis in original).

For the foregoing reasons, and for good cause shown,

**IT IS** on this 18th day of July 2023,

**ORDERED** that Plaintiff's unopposed motion for reconsideration, D.E. 19, is **GRANTED**; and it is further

**ORDERED** that upon reconsideration, default judgment is entered in favor of Plaintiff against Defendants in the amount of $8,700.

John Michael Vazquez, U.S.D.J.

5